# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER SETTING CONDITIONS OF RELEASE** |
| vs. | ) ) | |
| Richard Valenzuela Velasquez, | ) ) | Case No. 1:20-cr-25 |
| Defendant. | ) | |

Defendant's Motion to Reconsider Order of Detention is before the Court. (Doc. No. 20). Defendant was detained pending trial after a detention hearing on February 13, 2020. (Doc. No. 18). Defendant now provides additional information regarding suitability for release, including: defendant's fiancée is willing to share a residence, evidence of defendant's positive employment history in North Dakota, and details of defendant's criminal history, which reveal a lack of relevant warrants or holds. Defendant amended the motion to reflect the job opportunity no longer existed, but defendant's employer is willing to re-hire defendant when oil and gas related activity picks up. (Doc. No. 24).

The United States opposes the motion, contending the information provided by defendant does not materially change the risks posed by release. The United States initially cited a no-contact order prohibiting defendant from contact with defendant's fiancée and defendant's past failures to update defendant's sex offender registration status. (Doc. No. 22). The United States filed a supplemental pleading stating the "no contact" order was no longer in effect. (Doc. No. 23). The court order removing the contact restriction which is attached as an exhibit to the supplemental pleading is dated June 20, 2019.

The Court has considered all available information, including investigation and recent interviews by Pretrial Services, proffers of evidence, and arguments of the parties. The Court notes

in particular the evidence of defendant's available options for residence and employment. The Court finds there are conditions of release that will reasonably assure the safety of the community and defendant's appearance at future proceedings. As such, defendant's motion (Doc. No. 20) is **GRANTED**. Once notified by the United States Pretrial Services Office that location monitoring is in place, United States Marshal's Service shall release defendant subject to the below conditions:

1. Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

2. Defendant shall not violate federal, state, tribal, or local law while on release.

3. Defendant shall appear in court as required and surrender for any sentence imposed.

4. Except upon prior approval from the Pretrial Services Officer, the defendant's travel is restricted to North Dakota.

5. The defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined 21 USC 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

6. Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

7. Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

8. Defendant shall reside with Tracy McComas at the address provided to Pretrial Services and not change this residence without prior approval of the Pretrial Services Officer.

9. Defendant shall submit his/her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

10. Defendant shall be monitored by the form of location monitoring indicated below and shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and the pretrial service officer:

  Radio Frequency (RF) Monitoring

The form of location monitoring technology shall be used to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release:

  You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities as pre-approved by the officer (Home Detention).

**IT IS SO ORDERED**.

Dated this 30th day of March, 2020.

            */s/ Clare R. Hochhalter*
            Clare R. Hochhalter, Magistrate Judge
            United States District Court